IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re | ) |
| | ) Case 22-bk-01957 |
| Michael Scott Mogan | ) |
|    Debtor. | ) Adv. Proc. No. |
| | ) |
| | ) Chapter 11 |
| Michael Scott Mogan | ) |
|    Plaintiff. | ) Judge: Honorable David D. Cleary |
| | ) |
| v. | ) Complaint to Determine The |
| | ) Dischargeability Of Student Loan |
| United States Department Of Education, | ) Debt As An Undue Hardship Under |
| Nelnet Private Student Loan Financing | ) 11 U.S. 523(a)(8) |
| Corporation and Nelnet Servicing LLC | ) |
| d/b/a Firstmark Services | ) |
| | ) |
|    Defendants. | ) |

## PARTIES

1.      Plaintiff Michael Mogan is a citizen of both Illinois and the United States, who resides in Chicago, Illinois which is within the jurisdiction of the Northern District of Illinois, Eastern Division.

2.      Defendant U.S. Department of Education is a Cabinet-level department of the United States government who partners with Nelnet, Inc., as their United States–based conglomerate that deals in the administration and repayment of student loans and education financial services.

3.      Defendant Nelnet Private Student Loan Financing Corporation ("NPELF") is a corporation that offers private student loan financing services. It can be served through its registered agent at C T Corporation System, 5601 South 59th Street, Suite C, Lincoln, NE 68516.

1

4. Defendant Nelnet Servicing, LLC d/b/a Firstmark Services ("Nelnet") is a private loan service provider. It can be served through its registered agent at C T Corporation System, 5601 South 59th Street, Suite C, Lincoln, NE 68516.

## JURISDICTION AND VENUE

5. This adversary proceeding is brought under 11 USC § 523(a)(8) and Rule 7001(9) of the Federal Rules of Bankruptcy Procedure and its civil analog, 28 USC § 2201.

6. This Court has jurisdiction over this adversary proceeding under §157(b) and § 1334(b) of the Judiciary and Judicial Procedural Rules. Venue is proper in the Northern District of Illinois, Eastern Division under 28 USC §1409 because this matter arises in and is related to a bankruptcy case filed in this district.

## FACTUAL ALLEGATIONS

7. Plaintiff is fifty years old and has been diagnosed with a disability as recognized under the American with Disabilities Act of 1990, as amended.

8. On February 22, 2022 Plaintiff filed a chapter 13 petition in this District which was later converted to a chapter 11 petition on April 4, 2023.

9. Plaintiff has no retirement savings. His only significant asset is any equity in his condominium unit which is encumbered by a first mortgage and second mortgage. He has no stocks and no bonds.

10. As it stands, the primary income Plaintiff receives is from his self employment earnings as an accountant and attorney and Plaintiff has struggled to get by to meet monthly expenses while also monitoring his health daily. Plaintiff is also a sole shareholder in a corporation that had been profitable in the past but any income in that entity was decreased to a minimum with the onset of the pandemic over several years ago in early 2020.

11. To make any net income stretch, Plaintiff pared his expenses to the marrow and is even still driving the same vehicle he first leased around the year 2007 and later purchased.

12. From the time he finished school Plaintiff has worked to maximize his income.

13. Although Plaintiff continues to seek new clients to increase his monthly and annual income, this grind will likely remain.

14. The onset of the pandemic in 2020 also detrimentally affected Plaintiff's income.

15. Plaintiff also had to fend off a number of frivolous fee petitions in recent years which were all independent causes of actions from several different law firms acting in concert with one another to vex and harass Plaintiff which detrimentally affected Plaintiff's health and financial well being.

16. During Plaintiff's attempt to earn his degrees, Plaintiff borrowed private student loan debt from Access Group Inc. which on information and belief all such loans were sold to Defendants Nelnet and NPELF. The balance on Plaintiff's private student loans owed to Defendants Nelnet and NPELF is at least $38,789.

17. In his attempt to earn his undergraduate, juris doctorate degree and LLM degrees, Plaintiff borrowed Federal student loans from Defendant Department Of Education. The outstanding balances on the loans are at least as follows: Graduate Plus Loans of $23,000, Direct Subsidized Loans of $8,524, Direct Unsubsidized Loans of $12,734, Direct Consolidated Loans of $204,442 and Direct Grad Loans $64,694.

18. Plaintiff also owes at least $189,992.21 in accrued interest on his Federal student loans.

19. Over the years, Plaintiff consolidated some Federal loans and also requested deferments and forbearances over the years which helped Plaintiff temporarily but those efforts

were not enough. In particular the interest on Plaintiff's Federal student loans has grown significantly and relief is not on the horizon.

20. Plaintiff cannot pay these private and Federal student loans back while maintaining a minimal standard of living. Repayment of the private student loans and Federal student loans, including accrued interest on such Federal loans, imposes an undue hardship on Plaintiff.

## CAUSE OF ACTION
### CLAIM ONE

(Determination of Dischargeability - 11 U.S.C. § 523(a)(8))
(Against All Defendants)

21. Plaintiff incorporates the above allegations in paragraphs 1 through 20 by reference.

22. Based on the allegations above, this Court should determine that excepting Plaintiff's student loan debts to Defendants United States Department Of Education, Nelnet Private Student Loan Financing Corporation and Nelnet Servicing LLC d/b/a Firstmark Services from discharge would impose an undue hardship on Plaintiff.

## PRAYER

Plaintiff respectfully asks this Court:

a. determine that in accordance with 11 USC § 523(a)(8), the payment of Plaintiff's private and Federal loans including payments on any accrued interest would impose an undue hardship on him;
b. Determine that Plaintiff's loans and accrued interest should be discharged in this bankruptcy
proceeding; and
c. grant such other relief this Court deems just and proper.

Date: June 25, 2023

                                                                  Respectfully submitted,

                                                   *s/ Michael Scott Mogan*

                                                      Michael Scott Mogan
                                                        Debtor, pro se

Michael Scott Mogan
1800 W. Roscoe St, #307
Chicago, IL 60657
P: (773) 799-8477
F: (872) 702-6445
mmogan123@sbcglobal.net